# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel., Mahogany, Inc.<br>910 W Pratt St.,<br>Baltimore, MD 21218<br><br>    Plaintiff,<br><br>    v.<br><br>WESTERN SURETY COMPANY<br>101 S Reid St.<br>Sioux Falls, SD 57103<br><br>    and<br><br>ARCHITECTURAL WOODWORK INDUSTRIES, INC.<br>1845 Walnut Street, Suite 2300<br>Philadelphia, PA 19103<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, the United States of America for the use and benefit of Mahogany, Inc. ("Mahogany"), by and through undersigned counsel, hereby files this Complaint against Western Surety Company ("Western Surety") and Architectural Woodwork Industries, Inc. ("AWI"), stating as follows:

## JURISDICTION AND VENUE

1. This is an action seeking recovery from Western Surety on a payment bond it provided under 40 U.S.C. § 3131 (the "Miller Act Claim") and for breach of contract against AWI.

2. This Court has jurisdiction over the Miller Act Claim pursuant to 28 U.S.C. § 1352.

3. This Court has jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(a) because the breach of contract claims are so related to the Miller Act Claim that they form part of the same case or controversy.

4. This Court has jurisdiction over the parties and over the subject matter of this controversy as this suit is initiated pursuant to 40 U.S.C. § 3133(b).

5. Venue is proper in this District pursuant to 40 U.S.C. § 3133(b)(3) because the subject contract was performed in the District of Columbia.

## PARTIES

6. Plaintiff Mahogany is a Maryland corporation with its principal place of business located at 910 W Pratt St, Baltimore, MD 21218.

7. Defendant Architectural Woodwork Industries, Inc. ("AWI") is a Delaware corporation with its principal place of business located at 1845 Walnut Street, Suite 2300, Philadelphia, PA 19103.

8. Upon information and belief, Western Surety is a South Dakota corporation with contacts and agents in the District of Columbia.

9. Upon information and belief, Western Surety is licensed to do business and regularly conducts business in the District of Columbia.

## FACTS

10. Upon information and belief, Rand* Construction Corporation ("Rand*") was awarded a construction contract concerning the renovation of the Kennedy Center Terrace Theater in Washington, D.C. (the "Project").

11. Upon information and belief, Rand* contracted with Western Surety to provide a Payment Bond on the Project, Bond No. 929630188, in favor of the United States of America for the protection of all persons supplying labor and/or materials in connection with the Project. A copy of the bond is attached as Exhibit 1.

12. On or about June 2, 2017, Mahogany entered into a purchase order with AWI to provide certain interior finishes and fixtures for the Project (the "Purchase Order"). A copy of the Purchase Order is attached as Exhibit 2.

13. The Purchase Order included a "pay-when-paid" clause.

14. Under the pay-when-paid clause, payment to the Mahogany is not contingent upon AWI's receipt of payment from Rand*.

15. Rather, the pay-when-paid clause simply afforded AWI a reasonable period of time to pay Mahogany if it had not yet received payment from Rand*.

16. Payment is due under the pay-when-paid clause upon the expiration of a reasonable period of time.

17. In accordance with the Purchase Order, Mahogany supplied interior finishes and fixtures that were incorporated into the Project.

18. Mahogany submitted monthly invoices to AWI for payment.

19. Mahogany earned $346,367.00 under the Purchase Order, but has only been paid $90,287.55. A copy of the monthly payment applications (invoices) are attached as Exhibit 3.

20. Notably, to date, AWI has never rejected or objected to any of Mahogany's payment applications.

21. Yet, Mahogany has not received a payment from AWI since October 11, 2017.

22. Mahogany has afforded AWI sufficient time to secure payment from Rand* in order to pay Mahogany.

23. A reasonable period time for AWI to pay Mahogany has expired, and Mahogany is entitled to immediate payment of the $256,079.45 that remains due and owing under the Purchase Order.

24. After several demands for payment, Mahogany provided Rand* Notice of its intent to file a Miller Act claim on January 9, 2018.  A copy of Mahogany's Miller Act Notice of Claim is attached as Exhibit 4.

25. Mahogany never received a response to its Notice of Claim under the Miller Act.

26. Mahogany timely submitted a formal claim to Western Surety seeking payment under the Payment Bond.

27. On June 26, 2018, pursuant to Western Surety's request, Mahogany provided a significant amount of additional backup documentation supporting its payment bond claim.

28. To date, Western Surety has provided no justification for its failure to pay Mahogany in accordance with the Payment Bond.

## COUNT I
## MILLER ACT BOND CLAIM

29. Mahogany incorporates the foregoing paragraphs as if set forth herein.

30. Western Surety issued the Payment Bond in favor of the United States of America for the protection of persons and entities such as Mahogany.

31. Mahogany performed all of its obligations pursuant to the terms and conditions of its Purchase Order.

32. In accordance with the Purchase Order, Mahogany furnished materials and labor that were incorporated into the Project for which it has not been paid.

33. Mahogany earned $346,367.00 under the Purchase Order of which AWI only paid $90,287.55.

34. Mahogany is entitled to payment of $256,079.45 for the supply of interior fixtures and finishes that were incorporated into the Project.

35. These costs have been due and owing for more than ninety (90) days.

36. Pursuant to the Payment Bond, Western Surety is obligated, as surety for Rand*, to pay Mahogany for the labor, materials, and services it furnished for the Project.

37. Mahogany provided Rand* with timely notice of its intent to pursue a claim under the Miller Act against Western Surety.

38. Mahogany timely filed a payment bond claim against Western Surety.

39. To date, Western Surety failed to provide any justification for its failure to make payment in connection Mahogany's payment bond claim.

40. This Complaint is timely filed within one (1) year from the date Mahogany last supplied materials or otherwise performed work on the Project, which was November 24, 2017.

41. Mahogany has made a timely and proper demand on Western Surety for the payment of funds remaining due and owing.

42. Western Surety has failed to comply with its obligations under the Payment Bond to make payment to Mahogany.

43. Mahogany is entitled to payment from Western Surety in an amount exceeding $256,079.45.

## COUNT II
## **BREACH OF CONTRACT**

44. Mahogany incorporates the forgoing paragraphs as set forth fully herein.

45. Mahogany entered into the Purchase Order with AWI to supply interior finishes and fixtures.

46. The Purchase Order includes a "pay-when-paid" clause, which provides that AWI was obligated to pay Mahogany within 10 days of AWI's receipt of payment from Rand*.

47. Nothing in the Purchase Order made AWI's payment from Rand* a condition precedent to payment.

48. In such instances, it is well-established that a supplier such as Mahogany is entitled to payment within a reasonable period of time even if AWI has not received payment from Rand*.

49. AWI last paid Mahogany on October 11, 2017.

50. Mahogany has waited approximately ten (10) months for its payment and continues to wait.

51. AWI has failed to pay Mahogany within a reasonable period of time as required by the Purchase Order's pay-when-paid clause.

52. Despite repeated requests for payment, AWI refuses to pay Mahogany amounts earned under the Purchase Order.

53. Notably, to date AWI has never rejected Mahogany's monthly payment applications.

54. AWI's refusal to pay Mahogany within a reasonable period of time for materials and work properly supplied and performed is a material breach of the Contract for which Mahogany is entitled to payment.

55. Mahogany is entitled to payment from AWI in an amount exceeding $256,079.45.

WHEREFORE, Plaintiff Mahogany, Inc. requests judgment in its favor and against Defendants Western Surety and AWI in an amount in excess of $256,079.45, plus interest and any other damages or remedies this Court deems just and proper.

Dated:  August 31, 2018.

_____
Douglas Hibshman (DC Bar 496255)
**Fox Rothschild LLP**
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Phone: (202) 461-3113
Fax: (202) 461-3102
dhibshman@foxrothschild.com
*Attorneys for Mahogany, Inc.*